Referred to in 6 S. & R. 552 and 12 Pa. 217.

# Joseph Gardiner, plaintiff in error *against* the lessee of Francis Murray and Mary, his wife.

In ejectment, judgment for want of appearance must be against the casual ejector. After a *certiorari* read and allowed, there can be no furthur proceedings in the court below.

WRIT of error to the Common Pleas of Bedford county, returnable to September term 1807.

It appeared by the record, that the ejectment was instituted to February 1806, and returned served ; whereupon a rule was entered to plead in six weeks or judgment. The defendant

[Brown, Assignee, *v.* Herron.]

in the record was Gardiner, and Mr. Hamilton's name was entered in the margin, as his attorney, but his appearance was not entered at large, nor any plea or entry into the common rule.

In the same term the suit was removed by *certiorari* by the defendant into the Circuit Court.    On the 20th May 1806, judgment was entered on the common pleas docket by Mr. J. Lyon, *pro quer. sec. reg.* and a writ of possession issued thereupon.

Mr. S. Riddle for the plaintiff in error insisted, that the entry of judgment in the Court of Common Pleas was wholly erroneous.    If judgment could be entered for want of a plea, it ought to have been in the Circuit Court; but such strictness has not obtained amongst us.

Mr. Ross for the defendant here contended, that an attorney appearing for a defendant in ejectment was of no avail, unless he filed his plea and entered into the common rule.    Under such circumstances, it was not competent to him to remove the suit, any more than a defendant could who was taken on a *capias* and had given a bail bond without entering special bail. Besides, the omission of the plea and common rule might be attended with delay in the progress of the action.

*Per Curiam.*    If this be considered as a judgment by default, it ought regularly to have been entered against the casual ejector, and not against the defendant in possession.    If Mr. Hamilton *really appeared for the defendant, and the Court of Common Pleas have adopted that opinion by their certificate of the record, he might have removed the cause; and if there was any thing improper or irregular in this removal, application should have been made to the Circuit Court for a *procedendo*. After the *certiorari* was read and allowed below, no further proceedings could be had in that court until the suit was regularly remanded.    The result necessarily is, that the

Judgment must be reversed and restitution awarded.