The opinion of the Court was delivered by
Duncan, J.
Judgment was given by the justice in favour of the defendant in error, on the 27th April, 1818; appeal taken on same day; John Cochran bound as bail in appeal, according to lawand transcript filed on same day in *551 the prothonotary’s office. On the docket of the Court of Common Pleas, there are two attornies marked for the appellee. The appeal is entered of May Term, 1818; the appellant appears by attorney, prays oyer, &c. On the 17 th August; “rule on justice to amend and perfect the transcript of his docket, by stating the sum the recognisance to prosecute the appeal, was taken in.” On the 17th September, the justice returns “ that the former transcript was a true copy of his docket entry, and that the recognisance was taken in due form of law, in double the sum of debt and costs, amounting to 74 dollars 12 cents; John Cochran, the bail, fully consenting thereto.” The cause rested from that time without any step taken, until 6th October, 1819, when the appellee obtained a rule to shew cause why the appeal should not be dismissed; and on the 31st January, 1821, the rule was made absolute, and the appeal dismissed.
The right of trial by jury, so much prized by all who enjoy the blessings of the common law, is guaranteed by the constitution of the United States and of this State. However, in its modification, it may be within the sphere of legislative enactments, to abrogate it, transcends legislative powers. Appeals are, therefore, highly favoured ; and when a party does all in his power, and all the law requires of him, it would be unjust to deprive him of it, from the mere inaccuracy or slip of the justice ; and if he made it out in proof, that he had entered into the stipulation prescribed to restore to him this precious privilege and great constitutional right, though the entry of it by the justice in his docket was incomplete, or the justice may have omitted to make any entry of it, either by accident, or from ignorance or design, I think a Court would long hesitate before they came to the conclusion, that the party had lost the benefit of his appeal and jury trial.
In this case the material defect was the omission to state the sum in which bail was taken. The general practice of justices, as to the sum in which they take the recognisance, is notorious. It is to take it, as was done here, in double the sum recovered; and it is certain that they are seldom, it perhaps would not be going too far to say, never, reduced to form at the instant, or to any thing like form. A mere memorandum, a short entry, containing matter capable of being worked into form, will suffice; and whether it contains *552 such substance or not, will always be open to inquiry. Commonwealth v. Emery, 2 Binn. 433. In England, where proceedings ofjustices are more formal than with us, upon a penal conviction, it is allowed the justice to make out the formal conviction, after certiorari delivered. If the proceedings of the Courts, as they appear on the records sent up ter this Court, were scanned by the strict rules of pleadings and of entries, few of them could stand the test. They too often, and ,1 state it with regret, furnish a string of dislocated entries, and detached loose papers, without any regard to technical form or the natural order of the proceedings, rendering it always a tedious task, and often an abortive attempt, to extract from them any intelligible detail. Judicial decisions, or, at least, acquiescence, may have rendered it difficult to get rid of this inveterate and general practice, and bring our records back to the forms of the law ; but when such indulgence is extended where regularity should be looked for, it ought not less to prevail in proceedings before justices of the peace, where knowledge of legal forms is not to be expected, and where, if forms were strictly regarded, the jurisdiction itself would be extinguished. But still, in these proceedings, substance must be set out; sufficient must appear from which they can be moulded into the form prescribed by the law giving the jurisdiction.
The recognisance on the appeal remains with the justice; for a certified copy by the justice is sufficient authority for the bail to take the principal and surrender him. The act does not direct the proceedings themselves to be filed in the Common Pleas ; a transcript only is filed. The proceedings, for many purposes, both on certioraris and appeals, remain with the justice, as was determined in Drum v. Snyder, 1 Binn. 383.
The justice, from the entry on his docket of “ bail in appeal, according to law,” might, on the rule of Court, have made up and returned a recognisance in form, agreeably to the case of Welch v. Vanbebber & Chambers, 4 Yeates, 559, where the recognisance of bail in error was amended by adding the name of cognisor, and altering the name of cognisee. Here the justice sends up the sum in which bail was taken, under the mandate of the Court; it was received by the Court, and became a part of the transcript. However inartificially it is set out, it gives the substance of a legal recogni *553 .sanee, the parties names, the cognisor, the cognisee, and the amount, and the purpose for which it was taken'.
The appeal, primafacie, was duly entered. If appellee intended to object on the ground of defective bail, he should have taken the earliest opportunity to apply to the Court, who then would have inquired into the fact; they might have examined the justice on oath. But when the appellant moved for and obtained'the rule to amend the return, we must consider the appellee to have been in Court, for it cannot be presumed that the Court would have made the rule without notice to him, unless he was in Court by his attornies, and we cannot but take it from the record, that the names stood then on the docket as they now do. To the return, when made, no objection was taken ; it was received without denial or dispute, as a part of the original proceedings, and as if it had come in with the transcript. The appellee testified his acquiescence in this by his silence for more than one year. Now this silence admits that the amendment, the addition of the sum in which the recognisance was taken, was properly made and received, and waves the defect and irregularity. There are many matters which, in the first stage of a cause, the suitor might take advantage of, and put his antagonist out of Court, but which, at a later period, would not be listened to. If theré ever was a case in which a defect would be cured by time, this is the case. The appellee might keep back the objection ; act as if he waved it; and thus throw the appellant off his guard, not attempting to avail himself of it until the justice was dead, or had resigned, and it. was out of the power of the appellant to obviate it; whereas, had the objection been made in the outset, it might be easily removed.
This case is decided on the delay in making the objection, on the acquiescence in the amended return, on the acts which the appellant had done, and on the omission of the defendant in error to avail himself of it in proper time. There is no reason to believe but that bail, as the justice has returned it, was given to prosecute the appeal; and if the objection, at any time, would have availed the appellee, it ought to have been made the first opportunity, and could not after many terms. Passing over the proper time, acquiescing, when represented in Court by his attornies, in the amended return, is a waver of the alleged irregularity, a treating the cause as *554 regularly in Court, and admitting the appellant to be rectus ¡n curia.
In Clarck v. M‘Anulty, 3 Serg. & Rawle, 364, it was de~ cided that though the recognisance taken on an appeal from arbitrators be defective, yet, if it be acquiesced in for more than twelve months, in consequence of which the party has been put to expense in preparing for trial, the objection to it comes too late ; and it was there held, that in appeals from justices of the peace, the practice is not to quash, unless a motion is made as soon as an opportunity occurs, which generally is the term to which the appeal is returnar ble. The judgment is reversed, the appeal reinstated, and the record remitted.