## SHAW *v.* BOYD.

1. A *sci. fa.* to have execution recited a judgment in an action of dower recovered in the Common Pleas, Sept. 26, 1820, and the record did not show any judgment on the case stated, but that a writ of error was sued out; and in the Supreme Court there was an entry, "Sept. 26, 1820, judgment reversed and judgment for the plaintiff on the verdict," which was certified to the Common Pleas, but no actual entry of judgment there: on a plea of *nul tiel record*, the plaintiff, on this evidence, is entitled to judgment.

2. A plea of payment to such a *sci. fa.* is a nullity.

3. Where judgment in dower is recovered by A. and B. his wife, and a *sci. fa.* issues at the suit of B., reciting that she is now sole, and this is not traversed in the plea, the judgment is well entered for the plaintiff on a plea of *nul tiel record*.

In error from the Common Pleas of Fayette.

The *scire facias* to have execution recited a judgment in an action of dower recovered in the Common Pleas of Fayette on the 26th September, 1820, by James Shaw and Margaret his wife, and that the said Margaret was now sole. Pleas: *nul tiel record* and payment with leave. On the former the Court, after inspection of the record, gave judgment for the demandant; and, on the latter, for insufficiency of the plea.

The record showed a writ of dower was sued out in 1815, to which there was a plea and demurrer. It then proceeded to state that a case was stated for the opinion of the Court in 1817, and an opinion was filed in 1818. But it contained no direction for judgment, nor was any actually entered, so far as the record showed. A writ of error was sued out, and the cause removed to the Supreme Court, where the record ran:—"September 26, 1820, judgment reversed, and judgment on the verdict for the plaintiff." This was certified to the Common Pleas before this *sci. fa.* issued.

*Howell, Veech,* and *Davidson,* for the plaintiffs in error.—The plea of payment is used to let in all equitable defences: 2 W. C. C. 180; 1 Binn. 289; 16 S. & R. 28; 10 S. & R. 142; 11 Ib. 236. In 2 Watts, 211, the defendant under it was allowed to avail himself of the presumption of satisfaction from lapse of time. Here, twenty-seven years had elapsed.

By the Act of 1809, the Common Pleas was the Court to carry into effect the judgment of the Supreme Court. The judgment here on the case stated was one of the Supreme Court: 6 Watts, 513; 4 S. & R. 396; 12 E. 671; 1 Salk. 401; 2 Saund. 101; 11 John. 141.

If there was any judgment of the Common Pleas, it was on demurrer, and not on special verdict; and then the judgment above, if reversing, is but interlocutory, and a *venire* must go to assess the damages: Mellor *v.* Moore, 1 B. & P. 30; Ld. Raym. 10.    There was therefore no such judgment as was recited, or warranted the judgment below.    There is a further defect apparent, in that there is no suggestion or averment of the death of the demandant's husband, or their divorce, anywhere on the record.

*Patterson.*—The plea was a nullity, as there was no judgment which could be paid.    Will the defendant, after the writ of error, &c., be admitted to say that all those proceedings were nullities? But this is not necessary: 6 W. 513, shows that this Court gave the judgment the Common Pleas ought to have given, and when that is certified below, it becomes the judgment of that Court.    In this case the record says the judgment was on the verdict; besides, no writ of inquiry was wanted.    As to the third point, it is sufficient that the point does not arise on the record, as there is nothing denying the survivorship alleged in the *sci. fa.*

COULTER, J.—We must now presume that there was a *judgment* of the Court of Common Pleas of Fayette county.    It was reviewed in this Court on writ of error, and reversed.    [His honour here stated the facts.]    The probability is, that the case stated, as it is called in one part of the record, or more likely a special verdict, as it is called verdict in the judgment of the Supreme Court, was lost or mislaid; it can hardly be doubted but that it once existed, as it was the foundation of the action of both Courts.    After so great a lapse of time, it is fairly to be presumed that there was a judgment somewhere on the record.    It can more readily and safely be accredited that the clerk of the Court below committed misprision, and failed to enter the judgment on the docket, than that this Court overlooked the fact that there was none, and that the eminent counsel for the defendant below, neglected to bring that matter before this Court, as it was his duty to do, if no judgment had been rendered below.    Indeed it would amount to an admission, after this lapse of time on the part of the defendant, that a judgment did exist; an admission which ought to estop him now from denying the fact.    The probability is that judgment was entered on the back of the paper, containing the stated case, or, as it may have been, the special verdict.    That paper, it seems, is now lost or mislaid,

and cannot be found. Strong presumptions are tolerated and allowed in favour of records irregularly kept, after a great lapse of time. It is presumed under such circumstances, that Courts did what the law required them to do, and that omissions were the result of carelessness or ignorance on the part of the clerks. In this category we are thrown upon the alternative of deciding, that the Court below delivered a written opinion, pronouncing the law on the facts contained in the stated case or special verdict, and did not direct judgment to be entered, and that this Court reversed a judgment where none existed, pronounced it erroneous, and entered the judgment which the law warranted; or, on the other hand, that the clerk omitted to enter on the docket the judgment which was pronounced and given. We adopt the latter alternative as conformable to the law and reason of the case, especially as papers are not forthcoming on which the judgment might well have been entered.

It is also contended that the writ of *scire facias* was erroneous, admitting the judgment of the Supreme Court of the 26th September, 1820, to be good, because it is recited as a judgment of the Court of Common Pleas of Fayette county, and not as a judgment of the Supreme Court. But, on special verdict or stated case, the Supreme Court enter the judgment which the Court below ought to have rendered, and remit the record to be carried into effect by the Court below. It does in such case become virtually the judgment of that Court, which it is bound to execute. If the recital was erroneous, it would have been amendable after plea pleaded, from and by the record itself: Willard *v.* Norris, 2 Rawle, 56; Maus *v.* Maus, 5 Watts, 318. Recognisance of bail in error was amended after judgment affirmed: 4 Yeates, 559. It would at most be a technical or clerical error, checked and made apparent by the record, which could have been amended by the record; and therefore this Court cannot regard it as sufficient to overturn the judgment. But I am free to say that, as one court cannot issue a *scire facias* upon the judgment of another court, unless authorized so to do by statute, it may well be considered as virtually the judgment of the Court below, for all purposes and process of execution.

There is nothing in the error assigned, that the writ of *scire facias* is erroneous, because it is not stated how or when Margaret Shaw became sole. The writ recites that judgment was had in the action of dower, by James Shaw and Margaret his wife, late Margaret Boyd, widow and relict of William Boyd, deceased, &c.,

against Thomas Boyd, for one-third part of a certain messuage, &c., and that the said judgment remains unexecuted, as the Court is given to understand, by said Margaret Shaw, now sole, &c. Margaret was the meritorious cause of action and the recovery in her right; and upon her being divorced, or upon the death of Shaw, the action survived to her. How she became sole was a matter of 'no consequence to the defendant. The plaintiff's rights were the same, whether she was sole by divorce or by the death of her husband. And the defendant did not · put that fact in issue by plea in abatement or in any other way. The issue on *nul tiel record* was, whether there was a judgment in favour of Shaw and wife, widow and relict of William Boyd. The remaining error assigned is, to the Court rendering judgment for insufficiency of plea.

The plea of payment is an answer to an action to recover money alleged to be due on a contract express or implied, or to a *scire facias* to revive a judgment for a debt or damages. But it would seem to be no answer whatever to an action for the recovery of land, or to a *scire facias* to revive a judgment in ejectment or dower, where the judgment is; that the demandant shall recover seisin of one-third of the land, as was the case here. There was no judgment for damages. Not being an answer to the action, the Court could do no less than treat it as insufficient.

Where the plea of payment is an answer to the action, the defendant may, after notice, give in evidence special circumstances, in Pennsylvania, which would render it unjust and inequitable, and against conscience, for the plaintiff to recover.

But where payment is no answer, the defendant must plead specially. It would hardly be pretended, that on a *scire facias* to revive a judgment in an action of ejectment, the plea of payment was an answer, or opposed any obstacle to the rendition of judgment. The Court would be right in considering it as a nullity. So in this case, where the judgment was, that the plaintiff should recover one-third part of the land, &c., the plea of payment was wholly inapplicable and insufficient, and the Court were not in error in so considering it. As to the replication of *non solvit*, that is usually the act of the clerk, and could not cure the nullity of the plea.

Judgment affirmed.